# U.S. District Court
## Southern District of Florida (Miami)
## CRIMINAL DOCKET FOR CASE #: 1:24−mj−03233−LMR−1

Case title: USA v. Stanley

Date Filed: 06/25/2024

Date Terminated: 06/25/2024

Assigned to: Magistrate Judge
Lisette M. Reid

**Defendant (1)**

| | | |
|---|---|---|
| **Rosanna Lisa Stanley** | represented by | **Frank Quintero , Jr.** |
| *TERMINATED: 06/25/2024* | | Quintero Broche, P.A. |
| | | 75 Valencia Avenue |
| | | Suite 800 |
| | | Coral Gables, FL 33134 |
| | | 305−446−0303 |
| | | Fax: 446−4503 |
| | | Email: fquintero@quinterolaw.net |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Temporary* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Warrant on Complaint from the Southern District of New York − Case No. 24 MAG 2386 − Conspiracy to Commit Wire Fraud 18:1349.F, Wire Fraud 18:1343.F, | |

Conspiracy to Commit Money
Laundering 18:1956−4999.F

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Noticing AUSA CR TP/SR** |
| | | Email: Usafls.transferprob@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | Designation: Retained |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2024 | 7 | ORDER OF REMOVAL ISSUED to District of Southern District of New York as to Rosanna Lisa Stanley Closing Case for Defendant. Signed by Magistrate Judge Lisette M. Reid on 6/25/2024. *See attached document for full details.* (aw) (Entered: 06/26/2024) |
| 06/25/2024 | 6 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Rosanna Lisa Stanley (aw) (Entered: 06/26/2024) |
| 06/25/2024 | 5 | $250,000.00 PSB Bond Entered as to Rosanna Lisa Stanley Approved by Magistrate Judge Lisette M. Reid. *Please see bond image for conditions of release.* (aw) (Entered: 06/26/2024) |
| 06/25/2024 | 4 | Minute Order for proceedings held before Magistrate Judge Lisette M. Reid: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Rosanna Lisa Stanley held on 6/25/2024. Bond set: Rosanna Lisa Stanley (1) STIP $250K PSB cosigned by Senae Stanley. Date of Arrest or Surrender: 6/25/2024 (released). Attorney added: Frank Quintero, Jr for Rosanna Lisa Stanley (Digital 13:05:17//13:31:29)<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence− that is, evidence that favors the defendant or casts doubt on the United States case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Signed by Magistrate Judge Lisette M. Reid on 6/25/2024. (aw) (Entered: 06/26/2024) |
| 06/25/2024 | 3 | NOTICE OF TEMPORARY ATTORNEY APPEARANCE: Frank Quintero, Jr appearing for Rosanna Lisa Stanley. Attorney Frank Quintero, Jr added to party Rosanna Lisa Stanley(pty:dft). (aw) (Entered: 06/26/2024) |
| 06/25/2024 | 2 | ORDER TO UNSEAL as to Rosanna Lisa Stanley Signed by Magistrate Judge Lisette M. Reid on 6/25/2024. *See attached document for full details.* (aw) (Entered: 06/26/2024) |
| 06/25/2024 | 1 | |

|  |  | Magistrate Judge Removal of Complaint from Southern District of New York – Case number in the other District 24 MAG 2386 as to Rosanna Lisa Stanley (1). (mdc) (Entered: 06/25/2024) |

Mod AO 442 (09/13) Arrest Warrant          AUSA Name & Telno:



FILED BY___ MP ___D.C.

Jun 25, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT

for the

## Southern District of New York

United States of America
v.
ROSANNA LISA STANLEY and GINA GUY

)
)
)
)
)
)

**24 MAG 2386**

Case No.

**24-3233-MJ-REID**

_____
*Defendant*

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   ROSANNA LISA STANLEY                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §§ 1349 (conspiracy to commit wire fraud), 1343 (wire fraud), 1956 (money laundering and
conspiracy to commit money laundering), 2 (aiding and abetting)

Date:      06/24/2024

City and state:   New York, NY

*Issuing officer's signature*

Hon. Robyn F. Tarnofsky
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ |
| at *(city and state)* _____ . |
| Date: _____ |
| *Arresting officer's signature* |
| *Printed name and title* |

4

AUSAs Diarra M. Guthrie and Lauren Phillips

**24-3233-MJ-REID**

# 24 MAG 2386

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GINA GUY, and<br>ROSANNA LISA STANLEY,<br><br>Defendants. | **SEALED COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 1343, 1349,<br>1956, and 2<br><br>COUNTY OF OFFENSE:<br>NEW YORK |

SOUTHERN DISTRICT OF NEW YORK, ss.:

RICHARD SMYTHE, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

1.    From at least in or about 2021 through at least in or about 2024, in the Southern District of New York and elsewhere, ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

2.    It was a part and an object of the conspiracy that ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, STANLEY and GUY engaged in a scheme to induce elderly and other vulnerable victims to transfer funds to GUY and STANLEY, under false pretenses, and which involved, among other things, the use of wires transmitted through the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

3.    From at least in or about 2016 through at least in or about 2024, in the Southern District of New York and elsewhere, GINA GUY, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign

commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, GUY, engaged in a scheme to induce elderly and other vulnerable victims to transfer funds to GUY, under false pretenses, and which involved, among other things, the use of wires transmitted through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Wire Fraud)

4.     From at least in or about 2009 through at least in or about 2024, in the Southern District of New York and elsewhere, ROSANNA LISA STANLEY, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, which affected a financial institution, to wit, STANLEY engaged in a scheme to induce elderly and other vulnerable victims to transfer funds to STANLEY, under false pretenses, and which involved, among other things, the use of wires transmitted through the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (Conspiracy to Commit Money Laundering)

5.     From at least in or about 2021 through at least in or about 2024, in the Southern District of New York and elsewhere, ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

6.     It was a part and an object of the conspiracy that ROSANNA LISA STANLEY and GINA GUY, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

2

## COUNT FIVE
### (Money Laundering)

7.      From at least in or about 2021 through at least in or about 2024, in the Southern District of New York and elsewhere, ROSANNA LISA STANLEY and GINA GUY, the defendants, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18 United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

8.      I am a Special Agent with the FBI and have been since approximately 2004.  I am assigned to an FBI squad that investigates bank fraud, wire fraud, money laundering, and other financial crimes.  During my tenure with the FBI, I have participated in numerous financial fraud investigations and have participated in all aspects of those investigations.  This affidavit is based upon my personal participation in the investigation of this matter, as well as on my conversations with other law enforcement officers and my examination of documents, reports, and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during the investigation.  Where the contents of documents or the actions, statements, or conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Overview of the Offense Conduct

9.      From at least in or about 2009 to at least in or about 2024, ROSANNA LISA STANLEY and GINA GUY, the defendants, defrauded at least 16 victims (the "Victims") of more than $7 million.  As part of that scheme, STANLEY and GUY lured the Victims, who were nearly all elderly individuals, into purported romantic or close personal relationships through in-person meetings, phone calls, text messages, and an online dating platform.  After earning the Victims' trust, STANLEY and GUY convinced the Victims to transfer money to STANLEY and GUY under false pretenses, including by, among other things, falsely representing that STANLEY and GUY needed money for fake businesses and organ transplants.

### Examples of Schemes to Defraud the Victims

### Scheme to Defraud Victim-1

10.      Based on my discussions with other law enforcement officers, my interviews of witnesses, and my review of bank, telephone, and wireless service records, I have learned the following, in substance and in part:

a.      In or about February 2023, an elderly male ("Victim-1") met ROSANNA LISA STANLEY, the defendant, in Manhattan, exchanged contact information with STANLEY, and then communicated with STANLEY principally in person and by telephone.  Ultimately, Victim-1 and STANLEY entered into what Victim-1 understood to be an exclusive, romantic relationship.

b.      During the course of that purported relationship, on various occasions, STANLEY told Victim-1, in person, by phone, and by text, that STANLEY needed money for certain expenses.  STANLEY, for example, repeatedly requested that Victim-1 pay STANLEY's rent and living expenses, and Victim-1 provided STANLEY with money and things of value as gifts based on STANLEY's representations about needing money for basic necessities.

c.      At STANLEY's request, Victim-1 also provided STANLEY with Victim-1's online banking credentials for a particular credit card and provided STANLEY with the physical credit card.  STANLEY then changed Victim-1's password, would not provide Victim-1 with the new password when Victim-1 requested it, and incurred thousands of dollars of expenses on Victim-1's credit card account without Victim-1's permission.

d.      STANLEY also told Victim-1 that STANLEY owned and operated a catering business (the "Catering Business"), for which STANLEY claimed to need money.  Based on STANLEY's false representations, Victim-1 provided STANLEY with the money that STANLEY requested.

e.      In total, STANLEY defrauded Victim-1 of at least approximately $555,000.

11.      Based on my discussions with other law enforcement officers, my review of bank records, state business entity records, and publicly available information, and my interviews of witnesses, I have learned the following in substance and in part:

a.      On or about March 16, 2023, the Catering Business was incorporated in Florida.

b.      The Catering Business does not appear to operate as a legitimate business, either online, through a brick-and-mortar establishment, or through any other means.

c.      On or about March 28, 2023, a bank account was opened with a deposit of $500 in the name of "Ella's Catering," with an authorized accountholder in the name of Target Subject-2's daughter (the "Ella's Catering Bank Account").

d.      On or about March 30, 2023, at STANLEY's direction and based on her purported need for funds to support the Catering Business, Victim-1 wired approximately $40,000 to the Catering Business Bank Account from his bank account, located in Manhattan.

e.      On or about April 6, 2023, at STANLEY's direction and based on her purported need for funds to support the Catering Business, Victim-1 also provided STANLEY with a check in the amount of approximately $180,000 issued to the Catering Business.  The check was deposited into the Catering Business Bank Account.

4

f.     From March 2023 onward, no business-related funds were deposited into the Catering Business Bank Account.  The only funds deposited into the Catering Business Bank Account were provided by Victim-1.  *See supra* ¶ 11(d)-(e).

g.     Between in or about April 2023 and in or about May 2023, after STANLEY directed Victim-1 to provide STANLEY with approximately $220,000 for the Catering Business, money was then transferred from the Catering Business Bank Account to two financial institutions to pay off a loan for STANLEY's boat and to pay off a loan on one of STANLEY's luxury cars.

h.     From at least in or about 2023 through at least in or about 2024, based on the false representations of STANLEY, Victim-1 made wire transfers and issued checks that were deposited into a bank account controlled by STANLEY. The date of birth, address, and social security number associated with the holder of those bank accounts match the date of birth, address, and social security number associated with STANLEY in law enforcement records, reports, and databases.

## Scheme to Defraud Victim-2

12.     Based on my interviews with another victim in this investigation ("Victim-2") and witnesses, my discussions with other law enforcement officers, my review of law enforcement databases, reports, and records, and my review of bank and telephone records, I have learned that:

a.     In or about 2009, Victim-2 met ROSANNA LISA STANLEY, the defendant, through STANLEY's purported astrology business, located in Manhattan.

b.     Victim-2 received purported "psychic" services from STANLEY, who convinced Victim-2 that Victim-2's money was "tainted" with bad influences and that Victim-2 should transfer money to STANLEY to "untaint" and "protect" Victim-2's money of those influences, after which STANLEY would return the money to Victim-2.  Over time, STANLEY also convinced Victim-2 to provide STANLEY with more and more money on the basis that STANLEY could help Victim-2 reach Victim-2's desired life.

c.     Based on the telephone and in-person conversations Victim-2 had with STANLEY, Victim-2 understood that STANLEY would eventually return Victim-2's money. Victim-2 never received any of Victim-2's money back from STANLEY.

d.     From at least in or about 2009 through at least in or about 2020, based on the false representations of STANLEY, Victim-2 made wire transfers from Victim-2's bank account located in Manhattan, issued checks, and provided cash that were deposited into bank accounts held in STANLEY's name.  The date of birth, address, and social security number associated with the holder of that bank account match the date of birth, address, and social security number associated with STANLEY in law enforcement records, reports, and databases.

e.     In total, STANLEY defrauded Victim-2 of at least approximately $1,000,000.

## Schemes to Defraud Victim-3, Victim-4, Victim-5, and Victim-6

13.     Based on my interviews with four of the Victims, each of whom are elderly males

5

("Victim-3," "Victim-4," "Victim-5," and "Victim-6"), and witnesses, my discussions with other law enforcement officers, my review of law enforcement databases, reports, and records, and my review of bank, telephone, and wireless service provider records, I have learned that:

        a.     Victim-3, Victim-5, and Victim-6 each separately met GINA GUY, the defendant, in person.  Victim-4 met GUY on an online dating website.  Each of these victims exchanged contact information with GUY, and GUY thereafter maintained regular contact with them, principally in person and by telephone.

        b.     In total, from at least in or about 2020 to at least in or about May 2024, GUY defrauded Victim-3, Victim-4, Victim-5, and Victim-6 of at least $908,000 based on GUY's false representations, including that GUY needed funds for medical procedures and that GUY could assist Victim-6 by helping him move his money to another bank that offered a better interest rate on funds on deposit.

        i.     In or about 2020, GUY told Victim-3 that GUY was working at the time in the food industry.  Thereafter, GUY told Victim-3 that GUY needed approximately $61,000 for a kidney transplant.  Based on that representation, Victim-3 then wired the requested amount from his bank account, located in Manhattan, to a bank account registered in GUY's name and with GUY's date of birth and social security number, on the express condition that GUY repay the money to Victim-3.  Based on my review of bank records, from at least in or about 2020 to at least in or about 2021, GUY subsequently spent the money on non-medical personal expenses, including expensive meals, utilities, apartment rent, and luxury goods.  GUY has only repaid Victim-3 approximately $1,200 of the money that GUY owes Victim-3.

        ii.     In or about 2021, GUY told Victim-4 that GUY was working at the time as a nanny and also had a second job.  Thereafter, GUY told Victim-4 that GUY needed money because she was experiencing problems with her kidneys.  Based on that representation, Victim-4 provided GUY with checks totaling approximately $60,000.  Based on my review of relevant bank records, GUY deposited the check into a bank account registered in GUY's name and with GUY's date of birth and social security number, and GUY subsequently spent the money on non-medical personal expenses, including expensive meals, utilities, apartment rent, and luxury goods.

        iii.     In or about 2022, GUY also told Victim-5 that GUY needed tens of thousands of dollars for a kidney transplant.  Victim-5 wrote a check payable to "Gina Guy" in the amount of approximately $50,000 with the word "Loan" in the subject line, which Victim-5 gave to GUY on the understanding that GUY would pay Victim-5 back.  Based on my review of bank records, GUY deposited the check into a bank account registered in GUY's name and with GUY's date of birth and social security number, and subsequently spent the money on non-medical personal expenses, including expensive meals, utilities, apartment rent, and luxury goods.  GUY has not repaid any of the money she owes to Victim-5.  GUY told Victim-5 that GUY has a lawsuit against the doctor who performed her kidney operation and when the lawsuit is settled, GUY will be able to repay Victim-5.

        iv.     In or about mid-2022, GUY told Victim-6 that GUY ran a catering business. Thereafter, GUY told Victim-6 that GUY needed tens of thousands of dollars for a kidney transplant, and also told Victim-6 that she could help him move his money from his current

bank to another bank that offered higher interest rates, so that Victim-6 could maximize the returns on his funds on deposit. Based on those representations, from in or about 2022 until in or about 2024, Victim-6 provided GUY with approximately $30,000 for a kidney transplant and approximately $708,000, which Victim-6 did by issuing checks to GUY, which GUY deposited into bank accounts registered in GUY's name and with GUY's date of birth and social security number. Based on my review of bank records, from at least in or about 2022 to at least in or about 2024, GUY subsequently spent the money on non-medical personal expenses, including expensive meals, utilities, apartment rent, and luxury goods.

<u>Scheme to Defraud Victim-7</u>

14.     Based on my interviews with another elderly male ("Victim-7") and witnesses, my discussions with other law enforcement officers, my review of law enforcement databases, reports, and records, and my review of bank and telephone records, I have learned that:

     a.     In or about late 2021, Victim-7 met GINA GUY, the defendant, in person in Manhattan, exchanged contact information with GUY, and communicated with GUY principally in person and by telephone.

     b.     After communicating for several weeks, GUY introduced Victim-7 to GUY's purported sister, "Rose Geller," later identified as ROSANNA LISA STANLEY, the defendant. *See infra* ¶ 15(d). GUY and STANLEY told Victim-7 that they were in the catering business.

     c.     Subsequently, GUY and STANLEY met with Victim-7 in person, stated that GUY and STANLEY wanted to buy a dress-making business in New York City, and asked Victim-7 for a loan of approximately $114,000. GUY and STANLEY instructed Victim-7 to withdraw a portion of the loan money from Victim-7's bank account in cash increments of under $10,000 each, which Victim-7 did from Victim-7's bank account, located in Manhattan, before turning the cash over to GUY and STANLEY on different occasions. In addition, on GUY and STANLEY's instructions, Victim-7 wired approximately $30,000 of loan money to GUY and STANLEY for the dress-making business in increments under $10,000, from another one of Victim-7's bank accounts, located in Manhattan, to a bank account registered with GUY's name, date of birth, and social security number. GUY and STANLEY communicated with Victim-7 by telephone on multiple occasions to discuss their purportedly dire financial need and the loan arrangements. Victim-7 lent GUY and STANLEY money on the express condition that GUY and STANLEY would repay the loan to Victim-7. GUY has repaid Victim-7 only approximately $1,200 of the money that GUY and STANLEY owe Victim-7.

     d.     GUY and STANLEY also repeatedly requested that Victim-7 loan them money for other purposes, including to pay their rent and living expenses. On one occasion, GUY and STANLEY requested a loan of approximately $77,000, and instructed Victim-7 to withdraw the loan money from Victim-7's bank account in cash increments of under $10,000 each, which Victim-7 did before turning the cash over to GUY and STANLEY. Several times, GUY went to the bank, located in Manhattan, with Victim-7 to make cash withdrawals from Victim-7's bank account. Thereafter, Victim-7 would turn over the cash to GUY or to STANLEY. Victim-7 provided GUY and STANLEY with the requested funds on the express condition that they repay the loans. GUY and STANLEY communicated with Victim-7 by telephone on multiple occasions

7

to discuss their purportedly dire financial need and the loan arrangements.  GUY and STANLEY have not repaid any portion of those loans, despite Victim-7's requests for repayment.

       e.    Based on my training and experience, as well as my participation in this investigation, I believe that GUY and STANLEY instructed Victim-7 to make large cash withdrawals, each for an amount under $10,000, to avoid triggering any suspicious activity alerts. I am aware that, in the United States, financial institutions are required by law to report to the government all cash transactions in excess of $10,000, and the purpose of that reporting obligation is to provide notice to government officials of potentially suspicious cash transactions.  In my training and experience, individuals engaged in criminal activity like those charged in Counts One through Five of this Complaint know that a cash withdrawal over $10,000 will trigger a financial institution's obligation to file a report, and those individuals typically seek to avoid the report by withdrawing a sum in excess of $10,00 through multiple withdrawals that are each below $10,000.

       f.    In early 2022, GUY called Victim-7, indicated that STANLEY was ill and needed a liver transplant, and asked for $50,000 for STANLEY's medical expenses.  Victim-7 refused to provide the money, and telephonic contact between GUY, STANLEY, and Victim-7 subsequently diminished.

       g.    From at least in or about 2021 through at least in or about 2024, based on the false representations of GUY and STANLEY, Victim-7 made wire transfers that were deposited into bank accounts held in the name of GUY.  The date of birth, address, and social security number associated with the holder of that bank account match the date of birth, address, and social security number associated with GUY in law enforcement records, reports, and databases.  In total, GUY defrauded Victim-7 of at least approximately $185,000.

## Identification of ROSANNA LISA STANLEY and GINA GUY

15.    Based on my interviews with the Victims and witnesses, my review of bank records, Florida Department of Motor Vehicle ("DMV") records, law enforcement records, reports, and databases, my conversations with other law enforcement officers, and my participation in this investigation, I have learned that:

       a.    Victim-1 has a photograph of himself and a woman ("Photograph-1"), who was identified as "Rose," the woman with whom Victim-1 believed Victim-1 had been in a relationship and to whom Victim-1 has provided hundreds of thousands of dollars, as described above.  *See supra* ¶¶ 10-11.  Based on my comparison of the woman depicted in Photograph-1 with  surveillance footage of ROSANNA LISA STANLEY, the defendant, conducting in-branch bank transactions for bank accounts held in STANLEY's name, a photograph of STANLEY from STANLEY's driver's license (the "Stanley DMV Photograph"), shown below, and law enforcement photographs of STANLEY found in her criminal history records, I believe "Rose" is the same individual as STANLEY.

       b.    During an interview of Victim-2, law enforcement showed Victim-2 the STANLEY DMV Photograph and asked if Victim-2 could identify the person depicted in the photograph. Victim-2 identified the woman as "Hannah Stanley," the person who provided purported "psychic" services to Victim-2 and to whom Victim-2 had provided money as described above.  *See supra* ¶ 12.

c.      During my interview of Victim-7, I showed Victim-7 the STANLEY DMV Photograph and asked if Victim-7 could identify the person depicted in the photograph. Victim-7 identified the woman as "Rose Geller," the sister of the woman with whom Victim-7 believed that Victim-7 was in a relationship and to whom Victim-7 had provided money as described above. *See supra* ¶ 14.



STANLEY DMV Photograph

16.      Based on my interviews with the Victims and witnesses, my review of bank records, Nevada DMV records, law enforcement records, reports, and databases, my conversations with other law enforcement officers, and my participation in this investigation, I have learned that:

a.      During my interview of Victim-3, I showed Victim-3 the photograph of GUY from GUY's driver's license (the "GUY DMV Photograph"), shown below, and asked if Victim-3 could identify the person depicted in the photograph. Victim-3 identified the woman as "Gina Guy," the person with whom Victim-3 believed that Victim-3 was in a relationship and to whom Victim-3 had provided money as described above. *See supra* ¶ 13(a)-(b), (f)-(g).

b.      During my interview of Victim-4, I showed Victim-4 the GUY DMV Photograph, and asked if Victim-4 could identify the person depicted in the photograph. Victim-4 identified the woman as "Gina Guy," the person with whom Victim-4 believed Victim-4 had been in a relationship and to whom Victim-4 had provided money as described above. *See supra* ¶ 13(a), (c), (f), (h).

c.      During my interview of Victim-6, Victim-6 identified at least two photographs of himself and a woman ("Photograph-2" and "Photograph-3"), whom Victim-6 identified as "Gigi," the person with whom Victim-6 believed Victim-6 had been in a relationship and to whom Victim-6 had provided money as described above. *See supra* ¶ 13(a), (e), (f), (j). Based on my comparison of the woman depicted in Photograph-2 and Photograph-3 with surveillance footage of GUY conducting in-branch bank transactions for bank accounts held in GUY's name, state DMV records, and law enforcement photographs of GUY found in her criminal history records, I believe "Gigi" is the same individual as GUY.

Case 1:24-mj-02334-LMR   Document 8   Entered on FLSD Docket 07/26/2024   Page 14 of 25

     d.     During my interview of Victim-7, Victim-7 identified the individual depicted in the GUY DMV Photograph, as "Gigi," and identified the individual depicted in the GUY DMV Photograph, as a woman with whom Victim-7 believed he had a relationship and to whom he had provided substantial sums of money.  *See supra* ¶ 14.



GUY DMV Photograph

     WHEREFORE, I respectfully request that warrants be issued for the arrests of ROSANNA LISA STANLEY and GINA GUY, the defendants, and that they be arrested, and imprisoned or bailed, as the case may be.

         *s/ Richard Smythe by the Court with* permission
RICHARD SMYTHE
Special Agent
Federal Bureau of Investigation


Sworn to me through the transmission
of this Complaint by reliable electronic
means (telephone), pursuant to Federal
Rules of Criminal Procedure 41(d)(3) and 4.1,
this 24th day of June, 2024.

THE HONORABLE ROBYN F. TARNOFSKY
United States Magistrate Judge
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 24-3233-MJ-REID(SEALED)

UNITED STATES OF AMERICA,
           Plaintiff,

V.

Rosanna Stanley,
           Defendant(s).
_____/

## **ORDER**

   **THIS CAUSE** came before the Court and pursuant to proceedings it is

thereupon, PURSUANT TO THE ARREST OF THE ABOVE NAMED

DEFENDANT, THIS CASE IS HEREBY UNSEALED.

**DONE AND ORDERED** at Miami, Florida.


Dated: 6/25/2024



**Lisette Marie Reid**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _24-3233-MJ-REID_

UNITED STATES OF AMERICA,
　　　　　　　Plaintiff,

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

v.

ROSANNA STANLEY

　　　　　　　Defendant.

_____/

COMES NOW ___FRANK QUINTERO, JR.___ and

files this temporary appearance as counsel for the above named defendant(s) at initial appearance.

This appearance is made with the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing documents** necessary to

collateralize any personal surety bond which may be set.

Counsel's Name (**Printed**): ___FRANK QUINTERO, JR___

Counsel's Signature: _____

Address (include City/State/Zip Code):

75 VALENCIA AVE, SUITE 800
CORAL Gables, FL. 33134

Telephone: 305-446-0303 OFFICE      Florida Bar Number: 399167

Date: 6|25|24

# MINUTE ORDER

Page 7

## Magistrate Judge Lisette Marie Reid

**Atkins Building Courthouse - 3rd Floor**      Date: 6/25/2024    Time: 12:30 p.m.

Defendant: Rosanna Stanley    J#: 21955-511    Case #: 24-3233-MJ-REID(SEALED)

AUSA: Edward Stamm     Attorney: Frank Quinters -Temp

Violation: WARR/COMPLAINT/SD/NY/WIRE FRAUD    Surr/Arrest Date: 6/25/24    YOB: 1975

Proceeding: Initial Appearance     CJA Appt: _____

Bond/PTD Held: ○ Yes ○ No    Recommended Bond: _____

Bond Set at: _____    Co-signed by: _____

☑ Surrender and/or do not obtain passports/travel docs    Language: English

☑ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services

Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☑ Maintain or seek full-time employment/~~education~~ list to be provided by AUSA

☑ No contact with victims/witnesses, except through counsel No Contact w/ Co-deft except through counsel

☑ No firearms

☑ Not to encumber property - must keep $400,000 in equity if she needs to encumber property for legal fees

☐ May not visit transportation establishments

☑ Home Confinement/Electronic Monitoring and/or GPS Curfew _____ pm to _____ am, paid by deft

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☑ Travel extended to: SD of Fl & SD of N.Y.

☑ Other: Reside at the address stated in open court

**Disposition:**
- Deft sworn
- Deft advised of rights & charges
- Case Unsealed

- Stip $250,000 PSB co-signed by Janae Stanley (Released)

- Deft Waived removal
- Order of removal issued

- Brady Order given.

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE** Date: _____ Time: _____ Judge: _____ Place: _____

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 13:05:17 || 13:31:29    Time in Court: 20 minutes

s/Lisette Marie Reid     Magistrate Judge

17

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: $ 250,000.⁰⁰ PSB

CASE NO.: 24-3233-MJ-REID

UNITED STATES OF AMERICA:

Plaintiff,

v.                                                          USM # : _____

ROSANNA STANLEY

Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ 250,000.⁰⁰ PSB w/ CO-SIGNOR

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: ROSANNA STANLEY.
CASE NUMBER: 24-3233-MJ-REID
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☑ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

☑ b. Report to Pretrial Services as follows: (✓) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ____abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): _____

☑ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

☑ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

☑ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

☑ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

☑ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court; *Must keep $400,000 in equity if she needs to encumber property for legal fees*

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: ROSANNA STANLEY
CASE NUMBER: 24-3233-MJ-REID
**PAGE THREE**

o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ✓ ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

( ✓ ) medical

( ) substance abuse or mental health treatment

( ✓ ) court appearances

( ✓ ) attorney visits or court ordered obligations

( ✓ ) religious services

( ✓ ) employment

( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: ROSANNA STANLEY
CASE NUMBER: 24-3233-MJ-REID
**PAGE FOUR**

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

__ u. May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

___ v. Comply with the following additional conditions of bond: _____
*reside at the address posted in open court*
_____
_____

DEFENDANT: ROSANNA BRADLEY.
CASE NUMBER: 24-3233-MJ-REID
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: ROSANNA STANLEY
CASE NUMBER: 24-3233-MS-REID
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 25th day of June , 2024 at Miami , Florida

Signed and acknowledged before me:

WITNESS: _____

DEFENDANT: (Signature) X R. Stanley
Miami FLORIDA
        City         State

COCONUT GROVE FLORIDA
    City         State

### CORPORATE SURETY

Signed this _____ day of _____ , 20 ___ at _____ , Florida

SURETY: _____

AGENT: (Signature) _____

PRINT NAME: _____

    City         State

### INDIVIDUAL SURETIES

Signed this ___ day of _____ , 20 __ at _____ , Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

    City         State

Signed this 25 day of June , 2024 at Miami , Florida

SURETY: (Signature) X Senae Sec

PRINT NAME: SENAE STANLEY

RELATIONSHIP TO DEFENDANT: Common law husband
MIAMI FLORIDA
    City         State

Signed this ___ day of _____ , 20 __ at _____ , Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

    City         State

Signed this ___ day of _____ , 20 __ at _____ , Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

    City         State

### APPROVAL BY THE COURT

Date: 6/25/24

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No: 24-3233-MJ-REID(SEALED)

United States of America
    Plaintiff,

    v.

Charging District's Case No. **2 4-MAG- 2386**

Rosanna Stanley,
    Defendant.

_____/

**WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS**

I understand that I have been charged in another district, the **Southern District of New York.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

   ☑ An identity hearing and production of the warrant.

   ☑ A preliminary hearing.

   ☑ A detention hearing in the Southern District of Florida.

   ☑ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 6/25/2024

_____
Defendant's Signature

_____
Lisette Marie Reid
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 24-3233-MJ-REID(SEALED)

United States of America
      Plaintiff,

v.

Rosanna Stanley,
      Defendant.

_____/

### ORDER OF REMOVAL

It appearing that in the **Southern District of New York**, an Indictment was filed against the above-named defendant on a charge of **WARR/COMPLAINT/SD/NYWIRE FRAUD**, and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Lisette Marie Reid at Miami, Florida, which officially committed the defendant for removal to the **Southern District of New York**, it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Lisette Marie Reid for removal and posted bail in the amount of $ 250,000 PSB     which was approved by the United States Magistrate Judge Lisette Marie Reid, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Miami, Florida on 6/25/2024.

Lisette Marie Reid
United States Magistrate Judge